[Civ. No. 13314.   Second Dist., Div. Two.   Dec. 22, 1941.]

WILLIAM BEEKLEY REFRIGERATOR TRUCK SERVICE (a Corporation), Appellant, v. HENRY GLASER, Respondent.

Dwight V. Maurice for Appellant.

Ray L. Smith for Respondent.

SCOTT (R. H.), J. *pro tem.*—Plaintiff brought an action for declaratory relief, seeking interpretation and cancellation of two agreements and six promissory notes executed pursuant thereto. The agreements related to certain equipment, including a refrigerator trailer and a tractor, sold by defendant Glaser to plaintiff. Defendant Glaser filed a cross-complaint asking for judgment for the balance due on the notes, and recovered judgment therefor. The trial court found that the notes had been executed by plaintiff through its authorized agent, who was secretary-treasurer of the corporation.

The equipment was originally owned by Beekley as an individual. He sold it to one Spitz in August, 1936, but did not endorse and turn over the registration slip. Spitz sold the equipment to defendant Glaser a few days later. Spitz and two others formed the plaintiff corporation in September, 1936. In December, 1936, a majority of shares of the stock was transferred to Beekley, and as new directors, he, Huntoon who signed the notes, and a third party took office. In March, 1937, Glaser sold the equipment to the corporation, taking notes for the unpaid balance on the contract. Plaintiff made substantial payments on the notes and kept the equipment until it was traded in on some other that was new.

Plaintiff now seeks to repudiate the agreement and not to pay the balance of the purchase price on the ground that Beekley had not signed and handed over the registration slip and that Huntoon was not authorized by the corporation to execute the notes. Yet at the time of the purchase by the plaintiff corporation Beekley was its majority stockholder and knew that Glaser could not turn over the registration slip which Beekley himself still retained. The equipment was accepted and disposed of by plaintiff for its own benefit.

Since this is an equitable proceeding initiated by plaintiff,

it is apparent from the record that it is estopped to deny its obligation.  Any deficiency in the findings as to such estoppel could be supplied on the basis of the admitted facts. Since additional findings, if made, would support defendants' case and would be adverse to plaintiff, it cannot complain of the omission.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied January 20, 1942.